## CIRCUIT COURT OF FAIRFAX COUNTY

Donald L. Belshe

v.

Pinecrest Cluster
Association et al.

May 4, 2005

Case No. (Law) 213425

BY JUDGE ARTHUR B. VIEREGG

On Friday, April 29, 2005, the Motion to Limit and/or Exclude the Testimony of Plaintiff's Experts of Defendant Pinecrest Cluster Association was argued. TWC Association Management, Inc., and Reston Homeowners Association join this motion by their motions filed on April 15, 2005, and April 22, 2005, respectively. I took the matter under advisement. My decision follows.

*Background*

Plaintiff, Donald L. Belshe, filed his motion for judgment against the defendant, Pinecrest Cluster Association ("Pinecrest"), Law Action No. 213425, on April 10, 2003; he filed his motion for judgment against Defendants TWC Association Management, Inc., and Reston Homeowners Association ("Reston"), Law Action No. 217290, on September 22, 2003, as to which motions for judgment, the defendants filed their respective responsive pleadings. Thereafter these cases were consolidated for trial.

This Court entered a Scheduling Order on September 13, 2004, setting these actions for trial on June 27, 2005, with a jury, which order required, *inter alia,* that Plaintiff designate all experts 90 days before trial, and, if earlier requested, "all information discoverable under Rule 4:1(b)(4)(A)(1)." Such discovery requests had been propounded by Pinecrest on December

22, 2003. This discovery sought Rule 4:1(b)(4)(A)(1) information as to the expert witnesses Belshe would call at trial. In response, Belshe filed *late* objections and incomplete answers.

On March 4, 2005, Pinecrest filed a Motion to Overrule Discovery Objections and Compel Discovery Responses. On March 18, 2005, the Honorable Marcus D. Williams ordered Belshe to file "full and complete" responses to Interrogatories 11, 18, and 22, and to provide answers to request for production of document numbers 13 and 14. However, Plaintiff Belshe was not ordered to further answer Interrogatory 20. At that point, Belshe had identified *one* expert witness, an arborist, Mr. Bloch. Contrary to Defendant Pinecrest's assertion, Judge Williams' Order of March 18, 2005, does not address interrogatory 20, requesting the identification of expert witnesses.

On March 29, 2005, the deadline for designation of expert witnesses pursuant to the Scheduling Order, Belshe identified five expert witnesses: arborist, Bloch; Richard Edelman, an economist; Dr. Van Herpe, an orthopedist; Anthony Bird, a vocational rehabilitation expert; and William Sherman, a weather expert. The designations are contained in Exhibit A to Belshe's brief in opposition to Pinecrest's motion. Pinecrest then filed the motion under consideration.

### Decision

In deciding Defendant Pinecrest's motion, I will address each of Plaintiff Belshe's experts separately.

### Lew Bloch, Arborist

Defendant Pinecrest seeks to preclude certain portions of Bloch's designated testimony. This case involves a tree that fell on Belshe. Bloch, who did not have access to the tree because it had been destroyed after the accident, did view the tree stump and looked at pictures of the fallen tree. He will nevertheless testify that the tree had been dead for five years; that it fell due to disease and root rot; and that weather conditions would not have caused the tree's fall. He will also testify that the "industry standards" required that the tree be inspected within five years of the tree's fall and, if dead, should have been cut down.

Pinecrest contends that Bloch's opinion as to whether or not the tree was dead or dead for five years are necessarily based on conjecture. Bloch's basis for his opinion is that there were other dead trees in the area

of the site of Belshe's injury; that the tree stump evidenced root rot; and that the tree trunk broke after striking the plaintiff's head. In the expert designation of Bloch, it is not explained how he determined the tree was dead five years before the accident.

I will deny the motion at this point, although from the expert designation it does appear that Bloch's opinion may be based on conjecture. However, because the expert designation does state that he saw the dead roots, and because he indicates by implication that dead roots both indicate that the tree was dead on the date of the accident and further that it had been dead for five years, I will not grant the defendants' motion at this point. The trial judge, of course, may conduct a hearing outside the hearing of the jury to evaluate this testimony before the expert is permitted to testify as to his conclusion that the tree had been dead for five years on the date of the accident.

Because the meteorologist's opinion will be permitted, Bloch may rely on it, in addition to his expertise and observations, to testify that weather did not cause the tree to fall.

Finally, I will also leave it to the trial judge to determine whether Bloch may testify that "industry standards" required Pinecrest to inspect the tree with a periodicity of every five years in order to cut down dead trees. Although not fully addressed in the briefs, which did not afford me the entirety of Mr. Bloch's deposition testimony, it would seem that a commercial entity with responsibility for maintaining treed lands might, but would not necessarily, be required to know how often trees must be inspected to ensure the safety of those lands to invitees, if standards exist in this regard.

### William Sherman, Weather Expert

As Belshe argues, Sherman is a well-qualified meteorologist. His testimony with regard to rainfall based on reports from rainfall measurements at nearby locations plainly falls within his area of expertise. Pinecrest has not shown otherwise. If the defendants have experts to rebut the use of Sherman's rainfall figures from those locations, those experts may be called to rebut the basis for Sherman's testimony. Pinecrest's motion as to Sherman is denied.

### Dr. Van Herpe, Orthopedist

The most problematic expert testimony designated by the plaintiff is that of Dr. Van Herpe. Despite the fact that this case had been pending for

approximately two years, Dr. Van Herpe did not examine the plaintiff until March 22, 2005,[1] and issued no report to Plaintiff's counsel by the day after the expert designation deadline, March 30, 2005. The designation that was filed on the expert designation deadline date required by the Scheduling Order (entered six and one-half months earlier) does not indicate what Dr. Van Herpe's opinions are but rather what the Plaintiff "expects" those opinions to be. The unparticularized and often theoretical basis of this designation is made plain by paraphrasing the designation. Thus, Dr. Van Herpe was "expected to testify as to the pertinent medical history, his clinical observations of Mr. Belshe, and his review of X-rays and other test results." However, Belshe does not disclose what the "pertinent history" is; nor does Belshe disclose what Dr. Van Herpe's clinical observations are; nor does he identify what the X-rays and "other test results" are, or what they show. It is also indicated that Dr. Van Herpe will testify to a reasonable degree of medical probability that Mr. Belshe's condition was caused by trauma consistent with being struck by a tree, although the grounds for that opinion are not disclosed. Plaintiff indicates that Dr. Van Herpe will testify that Mr. Belshe continues to suffer "aftereffects," but those after effects are not disclosed; nor is the basis disclosed for his opinion that the after effects will continue. Nor is there an indication of the probable duration of such undisclosed "aftereffects." Plaintiff indicates that Dr. Van Herpe will testify that "there will likely be future medical expenses to ameliorate Mr. Belshe's continued suffering," but the nature of the medical treatment is not disclosed, nor is the type of suffering. It is suggested that Dr. Van Herpe may testify that Mr. Belshe is predisposed to future medical problems, but the problems are not specified. Finally, it is suggested that Dr. Van Herpe is expected to assign a disability rating, but no rating is furnished. It is then suggested that Dr. Van Herpe will file a report that will "more fully discuss" his findings.

Plaintiff later filed amended expert designations, sent to defendant's counsel on or about April 22, 2005. It accompanied Belshe's opposition to Pinecrest's motion under consideration. It was presented to the Court during oral argument on April 29. The file does not reflect such an amended designation was filed before late April, nor does Belshe contend it sought leave of court to file such an untimely amended designation.

---

[1] *See*, Plaintiff's third supplementation of Interrogatory No. 11.

The Scheduling Order required that Plaintiff designate all experts 90 days before trial, and, if requested in discovery, Plaintiff was ordered to provide to defendants "all information discoverable under Rule 4:1(b)(4)(A)(1)." It is plain that Belshe failed to furnish Dr. Van Herpe's designation materially complying with the Scheduling Order, although this case has been pending for two years. Plaintiff's conduct plainly has the effect of undermining the schedule developed by this Court for the orderly pretrial scheduling of expert testimony intended to balance the trial preparation requirements of both plaintiffs and defendants in the period leading up to trial. By scheduling an expert witness examination of him shortly before the deadline for filing expert designations (the reason for which was wholly unexplained), Belshe took the risk that the requirements of the Scheduling Order could not be met.[2] He lost that gamble. The effect of that gamble was unilaterally to truncate the defendants' thirty-day period to designate experts to respond to Plaintiff's experts and to prejudicially affect defendants' trial preparation time. There might be some simpler cases in which the effects of such conduct might not be prejudicial. This is not such a case given the number of experts belatedly identified and the seriousness of the injuries and the magnitude of the damages claimed.

Furthermore, Plaintiff waited more than two years and until the last possible time to provide Pinecrest with any information about Dr. Van Herpe's testimony. When the information was provided, as discussed, it was not based on Dr. Van Herpe's actual opinions but rather what the Plaintiff hoped those opinions might be. Indeed, if the opinions were to any extent known, they were not materially divulged, nor were the facts and grounds required by Rule 4:1 furnished.

The inference drawn from all the circumstances before the Court is that Plaintiff Belshe disregarded this Court's Scheduling Order and disregarded the effect this conduct would have on Pinecrest and the other defendants. If such unexplained conduct is countenanced, this Court's Scheduling Orders may not be relied upon by litigants. They become, at best, precatory or aspirational. Dr. Van Herpe's opinion testimony will be excluded.

---

[2] Plaintiff Belshe filed a third supplementation to Pinecrest's interrogatories on March 30, 2005. A comparison of those answers with the expert designation required by the Scheduling Order demonstrates virtually no more information was provided by Belshe, except for the opinion that the C-2/C-3 vertebrae might have to be fused pursuant to "the most serious scenario" and that Belshe would "likely" suffer permanent loss of motion.

*Anthony K. Bird, Vocational and Rehabilitation Expert*

Mr. Bird is a vocational and rehabilitation expert. His designation makes plain that as of the time of his designation, he had not formulated his conclusions because his opinions were dependent upon those of Dr. Van Herpe, which had not materialized by the designation deadline (including, significantly, Dr. Van Herpe's anticipated disability rating). Mr. Bird's expert opinions will be excluded.

*Richard Edelman, Ph. D., Economist*

Dr. Edelman is designated to testify as to the present value of past lost wages and past medical expenses incurred. At oral argument, Mr. Belshe's counsel argued that he should be able to compute the pre-judgment interest for the jury. This Court agrees. While it will require that Dr. Edelman have the dates when damages were incurred, these calculations might be exceedingly involved so that the testimony of an expert would be of assistance to the jury. Accordingly, while the trial judge may have a different view, this Court will not preclude such testimony at this point.

To the extent that Dr. Edelman's expert testimony, like that of Mr. Bird, is based on the opinions of Dr. Van Herpe, it will be excluded.